**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NOWDIAGNOSTICS, INC.,<br>Plaintiff,<br>v.<br>FEDERAL INSURANCE COMPANY<br>Defendant. | Case No. 26-8968<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff NOWDiagnostics, Inc. ("NowDx" or "Plaintiff") alleges as follows:

This is a straightforward insurance coverage action arising from Defendant Federal Insurance Company's ("Chubb" or "Defendant") refusal to fund NowDx's defense in a now-resolved lawsuit filed in this District and its failure to indemnify NowDx for the resulting settlement.

NowDx was forced to defend itself against an action brought by OraSure Technologies, Inc. ("OraSure") in the United States District Court for the Eastern District of Pennsylvania, Case No. 5:24-cv-06116-JMG (the "OraSure Lawsuit"), having been abandoned by its insurer. In the OraSure Lawsuit, OraSure sued NowDx and two individuals alleged to be NowDx employees. OraSure alleged that it and NowDx were direct competitors in the medical testing industry and asserted claims for tortious interference with contractual relations and aiding and abetting the breach of duty of loyalty, among other causes of action. In essence, these were unfair competition claims, premised on breach of contractual and fiduciary duties, with related claims against the competitor for inducing and aiding those breaches. These claims included allegations that NowDx induced a former OraSure employee to breach her contractual obligations and assisted in her breach of the duty of loyalty by accepting employment with NowDx while still employed by

OraSure. These allegations provided independent bases for potential liability apart from any alleged misappropriation of trade secrets or other intellectual property.

NowDx promptly tendered the OraSure Lawsuit to Defendant and requested coverage and a defense under the Policy, benefits for which NowDx paid substantial premiums. Defendant refused. Rather than fulfilling its defense obligations, Defendant denied coverage entirely and left NowDx to defend itself in the OraSure Lawsuit. Defendant relied on the Policy's Intellectual Property Exclusion to deny coverage for the entire action, notwithstanding the allegations giving rise to potential coverage independent of any alleged intellectual property misappropriation. Defendant's position was, and remains, contrary to the Policy, the allegations in the OraSure Lawsuit, and settled insurance law.

As a result of Defendant's refusal to provide coverage, NowDx was forced to fund its own defense and ultimately reached a settlement resolving the OraSure Lawsuit without Defendant's participation or financial contribution. Accordingly, NowDx brings this action to obtain a judicial declaration of Defendant's defense and indemnification obligations and recover damages arising from Defendant's breach of the Policy and bad faith conduct.

## THE PARTIES

1. Plaintiff NowDx is a Delaware corporation with its principal place of business in Springdale, Arkansas. NowDx is a citizen of Delaware and Arkansas for purposes of diversity jurisdiction.

2. Plaintiff is informed and believes, and on that basis alleges, that Defendant is an Indiana corporation with its principal place of business in New Jersey. Defendant is a citizen of Indiana and New Jersey for purposes of diversity jurisdiction.

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) because this action is between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. This Court has personal jurisdiction over Defendant because, on information and belief, Defendant transacts insurance business in Pennsylvania and is authorized to issue insurance policies in Pennsylvania and therefore has purposefully availed itself of the privileges of conducting business in Pennsylvania. In addition, this dispute arises from Defendant's refusal to defend Plaintiff in the OraSure Lawsuit, which was pending in this District.

5. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to NowDx's claims occurred in this District. Among other things, the OraSure Lawsuit for which Plaintiff sought coverage was filed in this District, and Defendant's refusal to honor its coverage obligations directly concerned Plaintiff's defense in that action.

## THE UNDERLYING LITIGATION

6. This insurance dispute arises from the underlying action captioned *OraSure Technologies, Inc. v. NOWDiagnostics, Inc., et al.*, Case No. 5:24-cv-06116-JMG, filed in the United States District Court for the Eastern District of Pennsylvania.

7. In the OraSure Lawsuit, OraSure filed its original complaint on November 14, 2024, followed by a First Amended Complaint on April 24, 2025 (the "OraSure FAC"). A true and correct copy of OraSure's original complaint is attached as **Exhibit A**, and a true and correct copy of the OraSure FAC is attached as **Exhibit B.** Exhibits A and B are incorporated by reference.

8. The OraSure FAC named NowDx as a defendant, along with two individual defendants, Jody Berry and Janean Young, both of whom were alleged to be employed by NowDx. (Ex. B, *OraSure FAC* ¶¶ 4–6.)

9. As relevant here, the OraSure FAC alleged that OraSure and NowDx were direct competitors in the medical testing industry, specifically with respect to "point-of-care diagnostic testing." (Ex. B, *OraSure FAC* ¶¶ 10–11.) The OraSure FAC alleged that Young, a former OraSure employee who subsequently became employed by NowDx, "breached [her] Confidentiality Agreement by accepting employment with [Plaintiff] NowDx, a direct competitor of OraSure, before her employment with OraSure ended." (*Id.* ¶¶ 5, 175.) The OraSure FAC also alleged that Young "failed to act in good faith and solely for OraSure's benefit while she was employed when she accepted employment with NowDx – a direct competitor of OraSure – while still employed by OraSure, working for both entities at the same time and engaging in blatant acts of dishonesty to conceal her actions." (*Id.* ¶ 183; see also ¶ 192.)

10. The OraSure FAC then alleged that "[d]efendant Berry and NowDx knew or should have known of [d]efendant Young's contractual obligations to OraSure, including her obligations not to compete with OraSure . . ." and that "Defendant Berry and NowDx intentionally induced Defendant Young to breach her contractual obligations to OraSure by soliciting her to end her employment with OraSure and accept competitive employment with NowDx." (Ex. B, *OraSure FAC* ¶¶ 210, 213.) The OraSure FAC further alleged that NowDx and Berry encouraged Young to disregard her duty of loyalty to OraSure by, among other things, accepting employment with NowDx while she remained employed by OraSure. OraSure alleged that, as a result of NowDx and Berry's encouragement and assistance, Young breached her duty of loyalty to OraSure. (*Id.* ¶¶ 192–196.)

11. The OraSure FAC asserted nine causes of action against the defendants, including claims against NowDx and Berry for tortious interference with contractual relations and aiding and abetting breach of duty of loyalty, as well as claims against Young for breach of contract and breach of duty of loyalty. (Ex. B, *OraSure FAC* ¶¶ 173–178, 179–187, 188–198, 207–217.) OraSure sought damages and injunctive relief. (*Id.*, Prayer for Relief.)

12. NowDx denied the allegations asserted in the OraSure Lawsuit.

## **THE POLICY**

13. On or about July 19, 2024, Defendant issued an insurance policy, Policy No. J06640564, to NowDx for the policy period of August 1, 2024 through August 1, 2025 (the "Policy"). A true and correct copy of the Policy is attached as **Exhibit C** and incorporated by reference.

14. The named insured under the Policy is NowDx, with an address listed at 1200 Stewart Place, Springdale, AR 72764. The Policy provides Directors & Officers and Entity Liability Coverage, which has an aggregate limit of liability of $2,000,000.

15. Under the Directors & Officers and Entity Liability Coverage, Insuring Clause C, titled "Entity Liability Coverage," provides that Defendant "shall pay, on behalf of an **Organization**, **Loss** on account of a **Claim** first made against the **Organization** during the **Policy Period**." (Ex. C, p. 49 of 122 (emphasis in original).)

16. The Policy defines "Claim," in relevant part, as "any . . . proceeding, including any appeal therefrom, against an **Insured** for a **Wrongful Act**, commenced by: the service of a civil complaint or similar pleading, or any foreign equivalent thereof[.]" (Ex. C, p. 50 of 122 (emphasis in original).)

17. The Policy defines "Loss" to include "**Defense Costs**, compensatory damages, judgments, including pre-judgment and post-judgment interest" as well as "settlements, including that portion of any settlement which represents claimant's attorney's fees." (Ex. C, p. 53 of 122 (emphasis in original).) "Defense Costs" includes reasonable costs, charges, attorneys' fees, experts' fees, and other fees and expenses incurred in "investigating, defending, opposing or appealing any **Claim**[.]" (*Id.*, p. 51 of 122 (emphasis in original).)

18. The OraSure Lawsuit constitutes a Claim first made against NowDx during the Policy Period. Accordingly, the OraSure Lawsuit falls within the scope of Insuring Clause C, Entity Liability Coverage, and Defendant was, and remains, obligated to pay any Loss incurred by NowDx in connection with the OraSure Lawsuit, including the costs incurred in defending and settling that action.

19. The Policy also provides Insuring Clause B, titled "Individual Indemnified Liability Coverage." Under this coverage, Defendant "shall pay, on behalf of an **Organization**, **Loss** on account of a **Claim** first made against an **Insured Person** during the **Policy Period**, to the extent the **Organization** indemnifies the **Insured Person** for such **Loss** as permitted or required by law." (Ex. C, p. 49 of 122 (emphasis in original).) "Insured Person" includes employees of NowDx. (*Id.*, pp. 52–53 of 122.)

20. In the OraSure Lawsuit, Berry was named as a defendant and alleged to be an employee of NowDx. As such, Berry qualifies as an Insured Person under the Policy. NowDx paid attorneys' fees incurred in defending Berry in the OraSure Lawsuit, as permitted or required by law. Accordingly, Insuring Clause B requires Defendant to reimburse NowDx for the Defense Costs it incurred on Berry's behalf.

21. The Policy also contains an allocation provision stating that when a "Matter," defined to include any "Claim," includes both covered and uncovered amounts, "one hundred percent (100%) of **Defense Costs** incurred by such **Insured** on account of such **Matter** shall be covered **Loss**[.]" (Ex. C, p. 61 of 122 (emphasis in original).)

22. On information and belief, at all relevant times, NowDx paid the required premiums and performed all conditions and covenants under the Policy or was excused from doing so by Defendant's conduct.

23. Further, at all relevant times, the Policy was in full force and effect with respect to the OraSure Lawsuit.

**DEFENDANT DENIES COVERAGE**

24. On or about November 22, 2024, NowDx tendered the OraSure Lawsuit to Defendant, provided Defendant with a copy of OraSure's original complaint, and requested coverage under the Policy.

25. On December 3, 2024, Defendant issued a letter to NowDx denying coverage for the OraSure Lawsuit. On or about March 18, 2025, NowDx requested that Defendant reconsider its coverage denial.

26. On April 16, 2025, Defendant issued another letter maintaining its position that no coverage was available for the OraSure Lawsuit under the Policy. Defendant relied principally on the Policy's "Intellectual Property Exclusion," asserting that the exclusion barred coverage because the OraSure Lawsuit included allegations involving the misappropriation of trade secrets or other intellectual property.

27. After OraSure filed its First Amended Complaint on April 24, 2025, NowDx provided Defendant with a copy of the OraSure FAC and again requested that Defendant confirm coverage under the Policy.

28. On July 7, 2025, counsel for NowDx responded to Defendant's April 16, 2025 denial letter, explaining that the Intellectual Property Exclusion did not eliminate Defendant's defense obligations. The OraSure Lawsuit included other claims and allegations, including aiding and abetting the breach of duty of loyalty and interfering with OraSure's contractual relations, amongst others, that were factually and legally distinct from the intellectual property-related allegations and provided independent bases for potential liability. NowDx again requested that Defendant reconsider its coverage denial.

29. On August 11, 2025, Defendant responded to NowDx's July 7, 2025, letter, again maintaining that no coverage was available for the OraSure Lawsuit under the Policy.

30. Despite NowDx's repeated requests for coverage and reconsideration, Defendant maintained its denial and refused to provide a defense in the OraSure Lawsuit. As a result, NowDx was forced to fund its own defense throughout the underlying litigation, incurring substantial defense costs that Defendant was obligated to pay under the Policy.

**IN THE ABSENCE OF AN INSURER-FUNDED DEFENSE, THE INSURED PERSONALLY FUNDS A SETTLEMENT OF THE ORASURE LITIGATION**

31. In October 2026, following extensive negotiations, NowDx, Berry, Young, and OraSure resolved the OraSure Lawsuit. The OraSure Lawsuit was subsequently dismissed with prejudice. Despite its obligations under the Policy, Defendant did not participate in the settlement.

**FIRST CAUSE OF ACTION**
**(Declaratory Relief – Duty to Defend)**

32. NowDx realleges and incorporates by reference the preceding allegations of this Complaint as though fully set forth herein.

33. This Court has the authority to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. An actual and justiciable controversy exists between NowDx and Defendant concerning Defendant's duty to defend NowDx in the OraSure Lawsuit and its obligation to reimburse the defense costs incurred by NowDx as a result of Defendant's refusal to provide that defense.

34. As set forth above, the OraSure Lawsuit asserted claims and allegations falling within the scope of coverage under the Policy, including claims against both NowDx and Berry for aiding and abetting Young's alleged breach of her duty of loyalty and tortious interference with her contractual obligations to OraSure. These claims were based, in part, on allegations that NowDx and Berry solicited Young to leave OraSure and accept employment with NowDx and encouraged her to assist NowDx while she remained employed by OraSure. These allegations provided independent bases for potential liability apart from any alleged misappropriation or use of OraSure's trade secrets or other intellectual property. Moreover, NowDx incurred defense costs on Berry's behalf in defending the OraSure Lawsuit.

35. Accordingly, Defendant was obligated under the Policy to defend NowDx against the claims and allegations asserted in the OraSure Lawsuit. Despite that obligation, Defendant refused to provide a defense, forcing NowDx to bear the costs of defending both itself and Berry.

36. Under established insurance law, an insurer has a broad duty to defend whenever the underlying claims are potentially covered by the insurance policy. This duty extends to the entire action, including both covered and potentially uncovered claims.

37. Defendant's refusal to defend NowDx in the OraSure Lawsuit violated its obligations under the Policy. As a result, NowDx was forced to fund its own defense and pay attorneys' fees incurred in defending Berry, resulting in substantial defense fees, costs, and expenses exceeding $75,000, for which Defendant has refused to provide reimbursement.

38. NowDx therefore seeks a judicial determination and declaration that Defendant owed a duty to defend NowDx in the OraSure Lawsuit and remains obligated to reimburse NowDx for the defense costs incurred defending itself and those it paid on Berry's behalf.

## SECOND CAUSE OF ACTION
**(Declaratory Relief – Duty to Indemnify)**

39. NowDx realleges and incorporates by reference the preceding allegations of this Complaint as though fully set forth herein.

40. This Court has authority to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. An actual and justiciable controversy exists between NowDx and Defendant concerning Defendant's obligation under the Policy to indemnify NowDx for the settlement of the OraSure Lawsuit.

41. In October 2026, NowDx entered into a settlement agreement resolving the OraSure Lawsuit, following Defendant's refusal to provide coverage and a defense.

42. As set forth above, the Policy expressly defines "Loss" to include settlements. The settlement of the OraSure Lawsuit falls within the scope of coverage under the Policy and constitutes covered Loss for which Defendant is obligated to indemnify NowDx.

43. Despite its obligations under the Policy, Defendant refused to provide coverage for the OraSure Lawsuit and has not contributed toward the settlement, leaving NowDx solely responsible.

44. NowDx therefore seeks a judicial determination and declaration that Defendant is obligated under the Policy to indemnify NowDx for the settlement of the OraSure Lawsuit.

**THIRD CAUSE OF ACTION**
**(Breach of Contract)**

45. NowDx realleges and incorporates by reference the preceding allegations as though fully set forth herein.

46. The Policy constitutes a valid and binding agreement between NowDx and Defendant.

47. NowDx has performed all conditions and covenants required of it under the Policy or has been excused from doing so by Defendant's conduct.

48. As set forth above, the OraSure Lawsuit constituted a Claim first made during the Policy Period and included claims and allegations falling within the scope of coverage under the Policy. Accordingly, Defendant was obligated to defend NowDx against the OraSure Lawsuit and pay the defense costs incurred in connection with that action, including those paid by NowDx on Berry's behalf. Defendant was also obligated to indemnify NowDx for covered Loss, including the settlement of the OraSure Lawsuit.

49. Despite its obligations under the Policy, Defendant refused to provide a defense or pay the defense costs incurred by NowDx in the OraSure Lawsuit. As a result, NowDx was forced to fund its own defense and pay Berry's defense costs throughout the underlying litigation, incurring substantial defense fees, costs, and expenses that Defendant was contractually obligated to pay.

50. Defendant likewise failed to fulfill its contractual obligation to indemnify NowDx for the settlement of the OraSure Lawsuit. Although the settlement constitutes covered Loss under

the Policy, Defendant has refused to provide coverage or contribute toward the settlement, leaving NowDx solely responsible for the settlement.

51. Defendant's refusal to provide a defense, pay NowDx's defense costs, and indemnify NowDx for the settlement of the OraSure Lawsuit constitutes a breach of its contractual obligations under the Policy.

52. As a direct and proximate result of Defendant's breaches of the Policy, NowDx has suffered damages, including unreimbursed defense costs and settlement obligations, in an amount exceeding $75,000, to be established at trial.

## FOURTH CAUSE OF ACTION
**(Bad Faith)**

53. NowDx realleges and incorporates by reference the preceding allegations as though fully set forth herein.

54. As set forth above, the OraSure Lawsuit constituted a Claim first made during the Policy Period and included claims and allegations falling within the scope of coverage under the Policy. Accordingly, Defendant was obligated to defend NowDx against the OraSure Lawsuit and pay the defense costs incurred in connection with that action, including those incurred by NowDx on Berry's behalf. Defendant was also obligated to indemnify NowDx for covered Loss, including the settlement of the OraSure Lawsuit.

55. Defendant acted in bad faith toward NowDx in its handling of the claim for coverage under the Policy by, *inter alia*:

a. Unreasonably refusing to provide NowDx with a contemporaneous and full defense in the OraSure Lawsuit, despite repeated requests for coverage and Defendant's knowledge of claims and allegations giving rise to potential coverage under the Policy;

b. Unreasonably interpreting and applying the Policy provisions, including the Intellectual Property Exclusion, to deny coverage for the entire OraSure Lawsuit, notwithstanding allegations independently triggering Defendant's duty to defend;

c. Unreasonably rejecting NowDx's interpretation of the Policy and the allegations in the OraSure Lawsuit, despite being expressly presented with a reasonable interpretation supporting coverage, and treating its own interpretation as the only permissible basis for determining coverage;

d. Failing to provide coverage for or contribute toward the settlement of the OraSure Lawsuit, notwithstanding Defendant's obligation under the Policy to indemnify NowDx for covered Loss arising from that settlement; and

e. Placing its own interests in minimizing its coverage obligations ahead of the interests of its insured.

56. Defendant's conduct was not limited to its initial denial of coverage in December 2024. Following NowDx's March 18, 2025 request for reconsideration, Defendant maintained its denial on April 16, 2025. After OraSure filed its First Amended Complaint on April 24, 2025, NowDx provided Defendant with the amended pleading and again requested coverage. On July 7, 2025, NowDx further explained that the OraSure FAC included claims and allegations providing independent grounds for coverage. Although Defendant expressly acknowledged those arguments in its August 11, 2025 response, it continued to maintain that the Intellectual Property Exclusion barred coverage for the entire OraSure Lawsuit and refused to provide a defense.

**57.** Defendant's continued denial of coverage lacked a reasonable basis in light of the claims and allegations supporting coverage under the Policy. Despite being expressly advised of

those grounds for coverage, Defendant maintained its denial knowing, or recklessly disregarding, that its position was unreasonable.

58. In addition, NowDx is informed and believes, and thereon alleges, that Defendant's bad faith conduct is not an isolated occurrence, but reflects a broader pattern and practice of denying coverage to other insureds for similar claims and/or based on similar exclusions it has relied on here in purported support of its denial.

59. As a direct and proximate result of Defendant's bad faith conduct, NowDx was left to fund its own defense and resolve the OraSure Lawsuit without Defendant's financial contribution. NowDx consequently suffered damages, including substantial unreimbursed defense costs, settlement obligations, and attorneys' fees incurred in pursuing the benefits owed under the Policy.

60. In addition to the damages sought for Defendant's breach of the Policy, NowDx seeks all relief available for Defendant's bad faith conduct, including interest, punitive damages, attorneys' fees, and costs, to the extent permitted by applicable law.

## PRAYER FOR RELIEF

WHEREFORE, NowDx prays for judgment against Defendant as follows:

1. For a judicial determination and declaration that Defendant owed NowDx a duty to defend NowDx in the OraSure Lawsuit and is obligated to reimburse NowDx for the defense costs it incurred defending itself and those it paid on Berry's behalf;

2. For a judicial determination and declaration that Defendant is obligated to indemnify NowDx for the settlement of the OraSure Lawsuit;

3. For actual damages according to proof;

4. For special damages according to proof;

5. For consequential damages according to proof;

6. For costs of suit incurred herein, including attorneys' fees to the extent permitted by applicable law;

7. For prejudgment and postjudgment interest at the maximum rate permitted by law;

8. For punitive damages to the extent permitted by applicable law; and

9. For such other and further relief as the Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues so triable.

Date: November 24, 2026

Respectfully submitted,

*/s/ Gregory R. Sellers*

Jonathan S. Krause (No. 93817)
Gregory R. Sellers (No. 316273)
KLEHR HARRISON HARVEY
BRANZBURG LLP
1835 Market Street, Suite 1400
Philadelphia, PA 19103
Telephone: (215) 569-4496
Facsimile: (215) 569-6603
E-mail: jkrause@klehr.com
gsellers@klehr.com

Alexandra "Sasha" Selfridge (CA Bar No. 247063)
(*pro hac vice* forthcoming)
Victoria Manfredonia (CA Bar No. 335416)
(*pro hac vice* forthcoming)
Procopio, Cory, Hargreaves &
Savitch LLP
525 B Street, Suite 2200
San Diego, CA 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398
E-mail: sasha.selfridge@procopio.com
victoria.manfredonia@procopio.com